**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4977

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JERRY WARD,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00406-JAB-1)

Submitted: April 21, 2011        Decided: May 11, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

  Jerry Ward pled guilty, pursuant to a plea agreement, to one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) ("Count Two"); and one count of possession of firearms by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006) ("Count Three").  He was sentenced to serve thirty months on Count Three and the mandatory minimum of sixty months on Count Two, to be served consecutively, for an aggregate term of imprisonment totaling ninety months.  Ward's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in its application of U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(1)(A) (2009).  Ward was advised of his right to file a pro se supplemental brief but did not do so.  We affirm.

  Ward questions whether imposition of a two-point enhancement in Count Three for possessing between three and seven handguns, pursuant to USSG § 2K2.1(b)(1)(A), and the use of two of those weapons to form the factual predicate for Count Two, constitutes impermissible double counting.  Section 2K2.1(b)(1)(A) provides a two-level enhancement if a defendant possesses three to seven firearms.  Application Note 4 to § 2K2.4 directs that, "[i]f a sentence under this guideline is

2

imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." This prohibition includes "any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." § 2K2.4 cmt.n.4. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that had been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). The court presumes double counting is proper where the Guidelines do not expressly prohibit it. United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010).

We hold that the number of weapons involved was irrelevant to Ward's sentence imposed on Count Two, and was thus unaccounted for by any other Guidelines provision. Thus, the district court did not engage in impermissible double counting when it applied a two-level increase under § 2K2.1(b)(1)(A) in calculating the sentence imposed on Count Three. See United States v. Terrell, 608 F.3d 679, 683 (10th Cir. 2010) (affirming the district court's application of a USSG § 2K2.1(b)(1)(A) enhancement in determining the guideline range for the 21 U.S.C.

3

§ 841(a)(1) (2006) conviction because "the number of weapons involved . . . is a separate type of offense conduct than that punished by § 924(c) itself."). Therefore, we reject Ward's claim as meritless.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Ward's conviction and ninety-month sentence. This court requires that counsel inform Ward, in writing, of his right to petition the Supreme Court of the United States for further review. If Ward requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ward. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>