IN The
United States District Court For The
Middle District of North Carolina
North Carolina



Jerry Ward
    Petitioner,

v.

United States of America
    Respondent.

Case No...

Docket #

Motion under 28 U.S.C. § 2244 For oder Authorizing District Court Permission to Consider a untimely Application For Relief Under 28 U.S.C. § 2255

Comes Now <u>Jerry Ward</u>, hereafter, Ward, In pro se and moves this Honorable Court permission to file a untimely motion pursuant to 28 U.S.C. 2255 on the about May 7, 2012.

## ARGUMENT Counsel Ineffective

① Counsel was ineffective by not getting the government to offer a plea deal.

② Counsel was ineffective by not arguing that the defendant due Process was violated

③ Counsel was ineffective by not acknowleding the Court that the defendant was incompetent, unable to function properly, mentally, due to a stroke, which disable the defendant way of thinking.

④ Defendant's Attorney was ineffective for not having defendant mental records, evaulated, most likely would made a difference in this case.

Certificate of Service

I have this day served a true copy of the same on the other by United States mail postage paid to:

United States Attorney Office
251 N Main St, Winston Salem, NC 27101

Respectfully submitted, this being the 23 day of MAY 2012

Jerry Ward
# 25352-057
Federal Prison Camp
P.O. Box 6000
Ashland, Ky 41105

## STATEMENT OF THE CASE

Jerry Ward (hereinafter "Defendant/Appellant") was charged in a four-count bill of indictment returned by a federal grand jury in the Middle District of North Carolina on December 1, 2009. Count One charged the Defendant with distribution of 54.3 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). Count Two charged the Defendant with possession of a Marlin 12 gauge single shot shotgun, and a Russian 7.62X54 mm rifle, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Count Three charged the Defendant with possessing the firearms listed in Count Two after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Count Four charged the Defendant with possession of a Remington .243 caliber rifle, model 700, and a Colt .38 caliber revolver, model Cobra, after having been previously convicted of a felony, in violation of 18 U.S.C. 922(g)(1) and 18 U.S.C. § 924(a)(2). Each of the offenses occurred in Stokes Co., NC. The offenses in Counts One, Two and Three occurred on May 8, 2009. The offense charged in Count Four occurred on June 2, 2009.

On January 14, 2010, the Defendant pleaded guilty to Counts Two and Three, pursuant to a written plea agreement. Following preparation of the presentence report, a sentencing hearing was held on July 22, 2010. The guideline computations as to Count Three yielded a base offense level of 20, pursuant to USSG § 2K2.1(a)(4)(A). A two-level upward adjustment was applied

3

according to USSG § 2K2.1(b)(1)(A), since the offense involved four firearms. The adjusted offense level was level 22. A three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1 yielded a total offense level of 19. The Defendant's history of criminal convictions resulted in a subtotal criminal history score of 1, placing him in Criminal History Category I. The advisory guideline imprisonment range at offense level 19 and Criminal History Category I was 30-37 months.[1]

On July 12, 2010, counsel for the Defendant filed an objection to the inclusion of a two-level multiple firearm enhancement in the guideline computation as to Count Three. The Defendant asserted that the purported enhancement amounted to impermissible double-counting of the firearms on which Count Two in the indictment was based.

On July 14, 2010, counsel for the Government filed a responsive pleading opposing the Defendant's position.

At the sentencing hearing on July 22, 2010, the district court overruled the Defendant's objection and imposed a sentence of 30 months as to Count Three, to be followed by a consecutive term of 60 months imprisonment as to Count Two. Concurrent supervised release terms of three years were imposed as to each count, as was a $200 special assessment.

---

[1] Count Two carried a mandatory consecutive sentence of 60 months imprisonment.

4

## STATEMENT OF THE FACTS

In the spring of 2009, the Defendant and other individuals became the targets of an undercover investigation involving the sale of cocaine hydrochloride. On April 14, 2009, undercover officers purchased 24.6 grams of cocaine hydrochloride and 54 grams of marijuana from the Defendant at his residence at 207 S. Bunker Hill Rd., Colfax, NC.

On May 1, 2009, the undercover officer purchased 57.7 grams of cocaine hydrochloride from the Defendant at his residence. During this transaction, the undercover officer also discussed the possibility of purchasing a firearm at some time in the future from the Defendant.

On May 8, 2009, the undercover officer met the Defendant at the Marathon gas station at 15609 Perch Rd., Pinnacle, NC, for the purpose of purchasing firearms and narcotics. The undercover officer purchased two bags of cocaine totaling 54.3 grams. The officer also bought a Marlin single-shot shotgun and a Russian 7.62X54 mm rifle. The officer paid the Defendant $200 for the cocaine and $100 for each firearm.

On June 2, 2009, an officer with the Kernersville, NC, Police Department stopped the Defendant as he left his residence and arrested him on outstanding warrants related to the April 14, and May 1, 2009, undercover purchases. After his arrest, the Defendant consented to a search of his residence. The officers located the Remington .243 caliber rifle, model 700, and a Colt .38 caliber

5

rifle, model Cobra. Officers also located approximately 61.8 grams of marijuana and 41.2 grams of cocaine.