UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA
                    PLAINTIFF

VS.

JERRY WARD
                    DEFENDANT

1:12CV550

SUPPLEMENT TO THE REQUEST FOR RELIEF
FILED PURSUANT TO 28 U.S.C. § 2255

NOW COMES THE DEFENDANT, IN PRO PER AND HEREBY SUPPLEMENTS HIS REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255 PREVIOUSLY FILED REPRESENTING AS FOLLOWS

STATEMENT OF FACTS.

THE DEFENDANT WAS FINALLY ADJUDICATED ON JULY 22, 2010 FOR THE OFFENSES OF POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME (18 U.S.C. § 924(c)(1)(A)(I)) AND POSSESSION OF FIREARM BY A CONVICTED FELON (18 U.S.C. 922(G)(1) AND 924(A)(2)]. THE DEFENDANT WAS SENTENCED FOR SIXTY (60) MONTHS AND ~~THIRTY~~ (30) MONTHS RESPECTFULLY, THE TERMS OF INCARCERATION ARE REQUIRED UNDER STATUE TO RUN CONSECTIVELY. THE FACTUAL BASIS ON WHICH THE FELON IN POSSESSION, 18 U.S.C. 922 AN 924,

is grounded is the defendant's conviction of an unrelated state crime. Specifically, the defendant was convicted and sentenced on May 29 2003 of the offenses of maintaining veh/dwell place cs (G.S. No 90-108 (A)(7)) and possession with intent to sell/deliver marijuana (GS. No. 90 05 (A)).

The Superior Court for Guilford County North Carolina sentenced the defendant for the above violations under the protocol and rules of "Community Punishment", also known as "Structured Sentencing".

The North Carolina sentencing court found that the defendant qualified for a prior record level of II, but did not find aggravating factors as set forth in AOC-CR-605. According to the provisions of the structured sentencing protocol, the North Carolina sentencing court found as follows:

"The court having considered evidence, arguments of counsel, and statement of defendant finds that the defendant's plea was freely, voluntary and understandably entered, and orders the above offenses be consolidated for judgement and the defendant be imprisoned for a minimum term of 5 months, for a maximum term of 6 months in the custody of N.C. D.O.C."

THE SENTENCE WAS SUSPENDED AND THE DEFENDANT WAS PLACED ON 12 MONTHS SUPERVISED PROBATION. THE COURT SPECIFICALLY PROVIDED THAT IF THE DEFENDANT PAID ALL MONEY DUE, AND NO POSITIVE DRUG TEST FOR THE FIRST 3 MONTHS OF PROBATION, THE ORDER WOULD BE AMENDED TO PROVIDE UNSUPERVISED PROBATION SEE THE JUDGEMENT IN FILE NO 02CRS101085 ATTACHED HERE TO AND INCORPORATED BY REFERENCE, EXHIBIT A.

# ARGUMENT

Violations under 18 U.S.C. § 922(4)(i) require the predicate felony as one which was punishable by imprisonment for a term exceeding one year. United States v. Jones 195 F.3d 205 (4th Cir. 1999), reaffirming United States v. Harp 406 F.3d 242 (4th Cir.), considered the North Carolina structured sentence rule to 18 U.S.C. § 922(g)(i), and sustained convictions accordingly. This was the controlling law at the time of the defendant's sentence in which 30 months were imposed consectivly for violation of 18 U.S.C. 922(g)(i).

On August 17 2011 the United States Court of Appeals for the Fourth Circuit issued its opinion in United States v Simmons 649 F.3d 237 (4th Cir 2011)(en banc) which reversed an earlier panel decision and Harp and Jones. The Simmons court held that North Carolina structured sentencing convictions would only be concidered "punishable for a term exceeding one year," if the defendant in the particular North Carolina case in question could in fact have been sentenced to more than one year in prison, then any such coviction cannot be used as the predicate "felony" for a violation of 18 U.S.C. § 922(g)(i).

Here the defendant was sentenced under North Carolina structured setenceng rules and could not have recieved a sentence in excess

OF 6 MONTHS. AS SUCH THE 30 ~~MONTHS~~ CONSECUTIVE MONTHS TOGETHER WITH THE UNDERLYING CONVICTION FOR FELON IN POSSESSION OF FIREARM MUST BE VACATED AND THE CHARGE DISMISSED. THE DEFENDANT'S RELIANCE ON 28 U.S.C. 2255 FOR RELIEF IS APPROPRIATE HERE SINCE HE IS CURRENTLY IN CUSTODY SERVING THE CONSOLIDATED/CONSECUTIVE SENTENCES, INCLUDING THE 30 MONTHS SENTENCE FOR VIOLATION OF 18 U.S.C. 922(G)(1) UNITED STATES vs PREGENT. 190 F.3D 279 (4TH CIR 1999). FURTHER, CHANGE IN THE LAW HAS ALWAYS BEEN RECONIZED AS A BASIS FOR §2255 RELIEF. UNITED STATES vs BONNETTE 781 F.2D 357 (4TH CIR 1986).

CONCLUSION

FOR THE REASONS SET FORTH ABOVE, THE DEFENDANT REQUESTS THE HONORABLE COURT TO VACATE HIS CONVICTION AND SENTENCE FOR VIOLATION OF 18 U.S.C. 922(G)(1) AND DISMISS THE CHARGE UNDER THE AUTHORITY OF SIMMONS.

RESPECTFULLY SUBMITTED,

*Jerry Ward*

JERRY WARD
25352-057
FEDERAL PRISON CAMP
PO BOX 6000
ASHLAND, KY. 41105

FRONT

# STATE OF NORTH CAROLINA

File No. 02CRS101085 51

County: GUILFORD (GR)    Seat of Court: GREENSBORO

In The General Court Of Justice
☐ District   ☒ Superior Court Division

NOTE: [This form is to be used for (1) felony offense(s), and (2) misdemeanor offense(s), which are consolidated for judgment with any felony offense(s). Use AOC-CR-310 for DWI offenses(s).]

## STATE VERSUS

Name Of Defendant: **WARD, JERRY**

2003 JUN -2 PM 3:06
GUILFORD COUNTY, C.S.C.
BY _____

| Race | Sex | DOB |
|------|-----|-----|
| W | M | 7/5/1942 |

**JUDGMENT SUSPENDING SENTENCE - FELONY**
☐ IMPOSING AN INTERMEDIATE PUNISHMENT
☒ IMPOSING A COMMUNITY PUNISHMENT
(STRUCTURED SENTENCING)
G.S. 15A-1341, -1342, -1343, -1343.2, -1346

Attorney For State: LONG, DAVID
☐ Def. Found Not Indigent   ☐ Def. Waived Attorney
Attorney For Defendant: SCHLOSSER, MICHAEL
☐ Appointed   ☒ Retained

The defendant ☒ pled guilty to:   ☐ was found guilty by a jury of:   ☐ pled no contest to:

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. |
|---|---|---|---|---|---|---|
| 02CRS101085 | 51 | MAINTN VEH/DWELL/PLACE CS (F) | 10/18/2002 | 90-108(A)(7) | F | I |
| 02CRS101086 | 51 | PWISD MARIJUANA | 10/18/2002 | 90-95(A) | | |

The Court:
☒ 1. has determined, pursuant to G.S. 15A-1340.14, the prior record points of the defendant to be __2__   PRIOR RECORD LEVEL: ☐ I ☒ II ☐ III ☐ IV ☐ V ☐ VI
☐ 2. makes no prior record level finding because none is required.

The Court: (NOTE: Block 1 or 2 MUST be checked): The prison term imposed is within the presumptive range of sentences authorized under G.S. 15A-1340.17(c).
☐ 1. makes no written findings because the prison term imposed is within the presumptive range of sentences authorized under G.S. 15A-1340.17(c).
☐ 2. makes the Findings of Aggravating and Mitigating Factors set forth on the attached AOC-CR-605.
☐ 3. makes the Findings of Extraordinary Mitigation set forth on the attached AOC-CR-606.
☐ 4. finds the defendant has provided substantial assistance pursuant to G.S. 90-95(h)(5).
☐ 5. finds enhanced punishment from a Class A1 or Class 1 misdemeanor to a Class I felony.
    ☐ G.S. 90-95(e)(3) (drugs); ☐ G.S. 14-3(c) (hate crime).
☒ 6. imposes the punishment pursuant to a plea arrangement as to sentence under Article 58 of G.S. Chapter 15A.
☐ 7. finds the above designated offenses(s) is a reportable conviction involving a minor. G.S. 14-208.6.
☐ 8. finds the defendant is classified as a sexually violent predator. G.S. 14-208.20.
☐ 9. finds the defendant is classified as a recidivist. G.S. 14-208.6.
☐ 10. finds the defendant has committed an aggravated offense. G.S. 14-208.6.

The Court, having considered evidence, arguments of counsel and statement of defendant, finds that the defendant's plea was freely, voluntarily, and understandingly entered, and Orders the above offenses be consolidated for judgment and the defendant be imprisoned for a minimum term of __5__ months for a maximum term of __6__ months in the custody of N.C. DOC.
☐ This sentence shall run at the expiration of sentence imposed in file number _____
The defendant shall be given credit for __1__ days spent in the confinement prior to the date of this Judgment as a result of this charge(s) to be applied toward the ☒ sentence imposed above. ☐ imprisonment required for special probation set forth on AOC-CR-603, Page Two.

### SUSPENSION OF SENTENCE

Subject to the conditions set out below, the execution of this sentence is suspended and the defendant is placed on ☒ supervised ☐ unsupervised probation for __12__ months.
☐ 1. The Court finds that a ☐ longer ☐ shorter period of probation is necessary than that which is specified in G.S. 15A-1343.2(d).
☐ 2. The Court finds that it is NOT appropriate to delegate to the Division of Adult Probation and Parole in the Department of Correction the authority to impose any of the requirements in G.S. 15A-1343.2(e) if the offender is sentenced to a community punishment, or G.S. 15A-1343.2(f) if the offender is sentenced to an intermediate punishment.
☐ 3. The above period of probation shall begin when the defendant is released from incarceration in the case referred to below.
☐ 4. The above period of probation shall begin at the expiration of the sentence in the case referred to below.

| File Number | Offense | County | Court | Date |
|---|---|---|---|---|

☐ 5. The defendant shall comply with the conditions set forth in file number _____

### MONETARY CONDITIONS

The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" shown below, plus the probation supervision fee, pursuant to a schedule ☒ determined by the probation officer. ☐ set out by the court as follows:

| Costs | Miscellaneous | Fine | Restitution* | Attorney's Fee | Comm. Service Fee | Total Amount Due |
|---|---|---|---|---|---|---|
| $ 205.00 | $ 0.00 | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 305.00 |

See attached "Restitution Worksheet, Notice And Order (Initial Sentencing)," AOC-CR-611, which is incorporated by reference.
☐ All payments received by the clerk shall be distributed pro rata among the persons entitled to restitution in this priority: first, among all G.S. 7A-304(d) priorities ☐ and before payment of community service and probation supervision fees.
☐ Upon payment of the "Total Amount Due", the probation officer may transfer the defendant to unsupervised probation.

AOC-CR-603, Rev. 11/01
©2001 Administrative Office of the Courts

Material opposite unmarked squares is to be disregarded as surplusage. (Over)

6-14-03

6.2.03 CC to PPO

BACK

## REGULAR CONDITIONS OF PROBATION - G.S. 15A-1343(b)

The defendant shall: (1) Commit no criminal offense in any jurisdiction. (2) Possess no firearm, explosive device or other deadly weapon listed in G.S. 14-269. (3) Remain gainfully and suitably employed or faithfully pursue a course of study or of vocational training, that will equip the defendant for suitable employment, and abide by all rules of the institution. (4) Satisfy child support and family obligations, as required by the Court.
If the defendant is on supervised probation, the defendant shall also: (5) Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer. (6) Report as directed by the Court or the probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment. (7) Notify the probation officer if the defendant fails to obtain or retain satisfactory employment. (8) At a time to be designated by the probation officer, visit with the probation officer a facility maintained by the Division of Prisons.
If the defendant is to serve an active sentence as a condition of special probation, the defendant shall also: (9) Obey the rules and regulations of the Department of Correction governing the conduct of inmates while imprisoned. (10) Report to a probation officer in the State of North Carolina within seventy-two (72) hours of the defendant's discharge from the active term of imprisonment.

## SPECIAL CONDITIONS OF PROBATION - G.S. 15A-1343(b1), 143B-262(c)

The defendant shall also comply with the following special conditions which the Court finds are reasonably related to the defendant's rehabilitation:

- [ ] 11. Surrender the defendant's drivers license to the Clerk of Superior Court for transmittal/notification to the Division of Motor Vehicles and not operate a motor vehicle for a period of _____ or until relicensed by the Division of Motor Vehicles, whichever is later.
- [X] 12. Submit at reasonable times to warrantless searches by a probation officer of the defendant's person, and of the defendant's vehicle and premises while the defendant is present, for the following purposes which are reasonably related to the defendant's probation supervision:
  [X] stolen goods  [X] controlled substances  [X] contraband  [ ] _____
- [X] 13. Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it; not knowingly associate with any known or previously convicted users, possessors or sellers of any illegal drugs or controlled substances; and not knowingly be present at or frequent any place where illegal drugs or controlled substances are sold, kept or used.
- [X] 14. Supply a breath, urine and/or blood specimen for analysis of the possible presence of a prohibited drug or alcohol, when instructed by the defendant's probation officer.
- [ ] 15. Successfully pass the General Education Development Test (G.E.D.) during the first _____ months of the period of probation.
- [ ] 16. Complete _____ hours of community or reparation service during the first _____ days of the period of probation, as directed by the community service coordinator and pay the fee prescribed by G.S. 143B-475.1(b). [ ] pursuant to the schedule set out under monetary conditions above. [ ] within _____ days of this Judgment and before beginning service.
- [X] 17. Report for initial evaluation by _____ A D S _____ participate in all further evaluation, counseling, treatment or education programs recommended as a result of that evaluation, and comply with all other therapeutic requirements of those programs until discharged.
- [ ] 18. Not assault, communicate with, be in the presence of, or be found in or on the premises of _____
- [X] 19. Other:
  OMIT #8; After three (3) months, if all monies are paid and the defendant has had no positive drug test, PPO may move him to unsupervised probation.
  The defendant is granted permission to travel outside the country for employment purposes.

- [ ] 20. Comply with the Special Conditions Of Probation - Intermediate Punishments - Contempt which are set forth on AOC-CR-603, Page Two.

- [ ] A hearing was held in open court in the presence of the defendant at which time a fee, including expenses, was awarded the defendant's appointed counsel or assigned public defender.

## ORDER OF COMMITMENT/APPEAL ENTRIES

- [ ] 1. It is ORDERED that the Clerk deliver **two** certified copies of this Judgment and Commitment to the sheriff or other qualified officer and that the officer cause the defendant to be delivered with these copies to the custody of the agency named on the reverse to serve the sentence imposed or until the defendant shall have complied with the conditions of release pending appeal.
- [ ] 2. The defendant gives notice of appeal from the judgment of the Superior Court to the Appellate Division. Appeal entries and any conditions of post conviction release are set forth on form AOC-CR-350.

| Date | Name Of Presiding Judge (Type Or Print) | Signature Of Presiding Judge |
|---|---|---|
| 5/29/2003 | L. TODD BURKE | /s/ Todd Burke |

## CERTIFICATION

I certify that this Judgment and the attachment(s) marked below is a true and complete copy of the original which is on file in this case.

- [ ] 1. Appellate Entries (AOC-CR-350).
- [ ] 2. Judgment Suspending Sentence, Page Two [Special Conditions Of Probation - Intermediate Punishments - Contempt (AOC-CR-603, Page Two)].
- [ ] 3. Felony Judgment Findings Of Aggravating And Mitigating Factors (AOC-CR-605).
- [ ] 4. Extraordinary Mitigation Findings (AOC-CR-606).
- [ ] 5. Restitution Worksheet, Notice And Order (Initail Sentencing) (AOC-CR-611).

| Date | Signature | SEAL |
|---|---|---|
| | | |

| Date Certified Copies Delivered To Sheriff | [ ] Deputy CSC  [ ] Assistant CSC  [ ] Clerk of Superior Court |
|---|---|

AOC-CR-603, Side Two, Rev. 11/01 — Material opposite unmarked squares is to be disregarded as surplus.
©2001 Administrative Office of the Courts