IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRY WARD, : | |
| Petitioner, : | |
| : | |
| v. : | 1:12CV550 |
| : | 1:09CR406-1 |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, in response to Petitioner's Motion under Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence, and in opposition thereto states to the Court the following:

FACTS AND PROCEEDINGS

On December 1, 2009, the United States Grand Jury for the Middle District of North Carolina returned a four-count indictment against Petitioner. (Docket Entry #1). On January 14, 2010, Petitioner entered guilty pleas to Count 2 (possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i)) and Count 3 (possession of firearm by felon in violation of 18 U.S.C. § 922(g)). (Docket Entry dated 1/14/2010). He was sentenced on

1

July 22, 2010, to 60 months imprisonment on Count Two, and 30 months imprisonment on Count Three, with the sentences to run consecutively. (Docket Entry dated July 22, 2010, Docket Entry #13). Petitioner was also ordered to pay a special assessment of $100 per count ($200.00 total), and a supervised release term of three years on each count, to run concurrently. (Docket Entry #13). The Judgment was entered on August 30, 2010. (Docket Entry #13). Petitioner gave notice of appeal on September 9, 2010. (Docket Entry #14). On May 11, 2011, the United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal. See United States v. Ward, 429 Fed.Appx 279 (4th Cir. May 11, 2011)(unpublished). Petitioner did not petition for a writ of certiorari. (See Docket). His conviction became final after the period for filing a writ of certiorari lapsed. See Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Thus, the one-year limitation period under § 2255 gave Petitioner until August 10, 2012 to file his § 2255 motion. Id. Petitioner filed this timely Section 2255 petition on May 31, 2012, and supplemented that filing on July 26, 2012. (Docket Entry #23 & 24). The government has been ordered to respond. (Docket Entry #25). He alleges the following grounds:

    Ground One: Ineffective assistance of counsel.

Ground Two: Petitioner claims that his conviction under 18 U.S.C. § 922(g)(1) must be set aside because he no longer has a qualifying predicate conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc).

## Cognizable Claims

Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); See also United States v. Timmreck, 441 U.S. 780 (1979). The Fourth Circuit pointed out in Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949):

> Prisoners adjudged guilty of crimes should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack, may the attack be made by motion under 28 U.S.C.A. § 2255 which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been in its absence by habeas corpus.

## DISCUSSION

**A. Petitioner claims he was the victim of ineffective assistance of counsel.**

To demonstrate ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below

3

a reasonable standard for defense attorneys and he must show that there is a reasonable probability that but for the attorney's incompetent performance; the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). These two components are typically referred to as Strickland's "performance" and "prejudice" components. 466 U.S. at 698; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994), cert. denied, 513 U.S. 1133, 115 S.Ct. 949, 130 L.Ed.2d 892 (1995). There is a strong presumption that the attorney's conduct fell within the permissible range of reasonable professional assistance. Strickland, 466 U.S. at 689. Counsel is strongly presumed to offer effective assistance and a court should apply a "heavy measure of deference" to an attorney's decisions. Id. at 690-91.

Relief for ineffective assistance of counsel can be granted only if petitioner can show specific errors made by counsel. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Petitioner is not entitled to a hearing based upon unsupported conclusory allegations. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923, 113 S. Ct. 1289, 122 L. Ed. 2d 681 (1993), abrgn. recognized on other grounds, Yeatts v. Angelone, 166 F.3d 255, 261 at n.4 (4th Cir. 1999).

4

Petitioner asserts a laundry list of unsupported allegations regarding what he claims were failings of his defense counsel during both the trial and appellate stages of his case. In fact, Petitioner did not include one word in either of his filings to support his claim that his "due process was violated" or that his case was somehow prejudiced by his allegation that defense counsel failed to have him evaluated for competency. (Docket Entry #23, p.1-2). Clearly, Petitioner cannot satisfy his burden to show specific errors made by defense counsel when the extent of his argument is to assert wholly unsupported allegations. In fact, each claim represents a general accusation of inadequate representation, without a single specific instance of the alleged inadequacy, and without any citation to the record. For example, Petitioner never references any constitutional right he claims was violated, nor does he provide any insight as to why defense counsel should have suspected that a competency evaluation was necessary. In short, every assertion made by Petitioner here is nothing more than the most generalized, non-specific, allegation without any support whatsoever.

Furthermore, one of these claims is demonstrably false. Petitioner asserts that his counsel was "ineffective by not getting the government to offer a plea deal." (Docket Entry #23, p.1). Petitioner entered pleas of guilty to Counts Two and Three

of the Indictment pursuant to the terms of a written plea agreement. (PSR at ¶ 2). As a result of that plea agreement, the government agreed to dismiss the remaining counts of the indictment. (PSR at ¶ 2). Thus, it is abundantly clear that Petitioner not only received a "plea deal", but that he benefitted from its existence as half of the criminal charges pending against him were dismissed as a result of that plea agreement.

Even if we assume *arguendo* that at least one of Petitioner's claims regarding the alleged ineffective assistance of his counsel is even slightly stronger than a mere conclusory allegation, Petitioner has made no showing whatsoever that his attorney's performance fell below a reasonable standard for defense attorneys and that there is a reasonable probability that but for the attorney's incompetent performance, the result of the proceedings would have been different. <u>Strickland</u>, 466 U.S. at 698.

        **B.    Petitioner asserts he does not have a valid predicate conviction in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011)(en banc).**

Petitioner is correct that his conviction on Count Three, for possession of a firearm by a felon, no longer qualifies post-<u>Simmons</u>, as Petitioner was not eligible to receive a term of imprisonment exceeding one year on the underlying predicate

6

conviction. The predicate convictions set forth in Count Three, keeping and maintaining a vehicle, dwelling or place for the purpose of using, keeping or selling controlled substances, and possession with intent to sell and deliver marijuana were consolidated for sentencing and resulted in a term of imprisonment of 5 to 6 months. (Attachment 1). Both offenses were class "I" felonies, and Petitioner's prior record level was II. (Attachment 1). Accordingly, Petitioner was not eligible to receive a term of imprisonment exceeding one year for either of these crimes. (N.C.G.S.A. § 15A-1340.17 (c) & (d)). The government agrees that Petitioner's consecutive sentence on Count Three should be vacated.

## CONCLUSION

WHEREFORE, the United States respectfully submits that Petitioner's claims on ineffective assistance of counsel are without merit and should be denied and dismissed. However, as to the remaining claim, Petitioner's motion under 28 U.S.C. § 2255 can, and should be interpreted as a cognizable claim that he was erroneously sentenced to a consecutive term on Count Three.

As such, the government agrees that relief should be granted as to Petitioner's <u>Simmons</u> claim.

This the <u>22nd</u> day of January, 2013.

                        Respectfully submitted,

                        RIPLEY RAND
                        UNITED STATES ATTORNEY

                        /S/ TERRY M. MEINECKE
                        Assistant United States Attorney
                        NCSB #27562
                        United States Attorney's Office
                        Middle District of North Carolina
                        251 N. Main Street
                        Winston-Salem, NC, 27101
                        Phone: 336/631-5268

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRY WARD, : | |
|     Petitioner, : | |
| : | |
|     v. : | 1:12CV550 |
| : | 1:09CR406-1 |
| UNITED STATES OF AMERICA, : | |
|     Respondent. : | |

CERTIFICATE OF SERVICE

I hereby certify that on January 22nd, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following non-CM/ECF participant:

Office of the Federal Public Defender

                      Respectfully submitted,

                      RIPLEY RAND
                      UNITED STATES ATTORNEY


                      /S/ TERRY M. MEINECKE
                      Assistant United States Attorney
                      NCSB #27562
                      United States Attorney's Office
                      Middle District of North Carolina
                      251 N. Main Street
                      Winston-Salem, NC, 27101
                      Phone:  336/631-5268